UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BOBBY J. LADD, SR.** ) | |
| ) | |
| **Plaintiff,** ) | **No. 3:12-cv-00548** |
| ) | **Judge Sharp** |
| **v.** ) | |
| ) | |
| **CLARKSVILLE POLICE DEPARTMENT** ) | |
| **AND LARRY HODGE,** ) | |
| ) | |
| **Defendants.** ) | |

# M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Clarksville Police Department and Larry Hodge, alleging that the actions of these defendants and others led to the plaintiff's malicious prosecution, revocation of his probation, and his continued false imprisonment. (Docket No. 1).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The plaintiff's allegations concern the revocation of his probation and attack the validity of his continued incarceration. The plaintiff's claims for relief include his release from custody.

1

(Docket No. 1 at p. 5). Thus, a decision favorable to the plaintiff in this case would result in his release from state custody. A claim brought under 42 U.S.C. § 1983 is not the proper mechanism for obtaining such relief. The plaintiff's demand to be released from custody is cognizable only in a petition for *habeas corpus* relief.

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Given that the plaintiff has not demonstrated that his conviction has been favorably terminated[1] and at least one of the plaintiff's demands for relief requires his release from custody,

---

[1] It is important to note that, although the plaintiff alleges that he was found not guilty of homicide–the charge he alleges led to his probation revocation–the complaint does not challenge the validity of his underlying conviction for which the plaintiff was on probation.

2

under *Heck*, 512 U.S. 477, 486-87, this case should not have been brought under 42 U.S.C. § 1983. As such, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted.[2]

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge

---

[2]Title 28 U.S.C. § 2241 generally is used to challenge the execution of a sentence, or the manner in which a sentence is being executed. *Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 897 (6th Cir. 2006). Claims cognizable under § 2241 pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d 766, 770-771 (6th Cir. 1979). The exhaustion requirement pertains to claims brought under § 2241. *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 235-236 (6th Cir. 2006). Because the plaintiff's complaint contains no allegations regarding exhaustion, the court is unable to liberally construe the plaintiff's instant complaint as an action under 28 U.S.C. § 2241. The plaintiff is free to pursue the remedies he seeks by way of a petition for writ of *habeas corpus*.